The order below is hereby signed.

Signed: August 26 2025

Elizabeth L. Gunn
U.S. Bankruptcy Judge



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:**<br><br>Purported Involuntary Petition filed by "Torney Piltai International LLC Express Trust" | Misc. Proceeding 25-20001-ELG |

### ORDER DENYING AND DISMISSING WITH PREJUDICE
### <u>PURPORTED INVOLUNTARY PETITION</u>

On July 24, 2025, alleged petitioning creditors "Torney Piltai International LLC Express Trust" and "[e]state of TORNELLO FONTAINE PIERCE ELBEY™" [sic] (together, the "Petitioning Creditors") submitted by mail a purported involuntary petition (the "Purported Petition") under chapter 7 of the United States Bankruptcy Code against the United States of America, the State of Maryland, and "County of Saint Mary/St. Mary County" (together, the "Alleged Debtors"). Each of the Alleged Debtors is a governmental unit. 11 U.S.C. § 101(27).[1] The Purported Petition was rejected for filing by the Clerk of Court. Despite the rejection, the Purported Petition was resubmitted to the Court on August 21, 2025, without any modification of its contents and with a page of indecipherable alleged legal argument seeking to address the deficiencies for which the Purported Petition was rejected for filing (the "Notice Letter").

The Purported Petition submitted to this Court is not the first time that the Petitioning

---

[1] Unless specifically indicated otherwise, all section references are to Title 11 of the United States Code (the "Bankruptcy Code").

Creditors, or similar alleged "entities" controlled by/related to Torney Piltai and Tornello Fontaine Pierce El Bey, have attempted to initiate an involuntary petition against some, if not all, of the Alleged Debtors. On May 17, 2024, the United States Bankruptcy Court for the District of Maryland dismissed an involuntary petition filed by the Petitioning Creditors against St. Mary's County, Maryland (the "Maryland Proceeding").[2] In the Maryland Proceeding, Judge Ruark issued a four-page opinion addressing four separate, independent, and distinct bases for the dismissal of the purported petition there (the "Maryland Order"). Specifically, the Maryland Proceeding was dismissed (1) for failing to pay the requisite filing fee (not an issue in this matter); (2) because an involuntary bankruptcy case cannot be sustained against a governmental unit under law; (3) because a governmental unit cannot be a chapter 7 debtor, with chapter 9 being the only available remedy for a municipality (no such remedy being available for a state or federal unit); and (4) for impermissibly altering the involuntary petition, including modifying the signature blocks as an attempt to negate the requirement that an involuntary petition be filed under penalty of perjury. In addition, Judge Ruark noted that both petitioning creditors in the Maryland Proceeding appeared to be non-individuals which, if accurate, under the Maryland local rules, could not appear in the court without counsel, including the execution of an involuntary petition. The Maryland Order was issued on May 17, 2024, was not appealed, and is a final order.

Despite being on actual notice of the legal deficiencies identified by the Maryland Order, the Petitioning Creditors nonetheless attempt to "take their show on the road" and seek to file a substantially similar Purported Petition in this Court.[3] Except for the failure to include a filing fee, the Purported Petition in this Case contains and consists of substantially all the same deficiencies as the Maryland Proceeding. Further, despite the rejection of the Purported Petition for some of those reasons, the Petitioning Creditors have submitted numerous indecipherable written

---

[2] Order Dismissing Involuntary Chapter 7 Proceeding, *In re Saint Mary's Cnty.*, No. 24-14190 (Bankr. D. Md. May 17, 2024), ECF No. 3.

[3] It is arguable that the Purported Petition in this case is even more egregious than that of the Maryland Proceeding, as the Purported Petition not only names a municipality, but triples down on its inherent absurdity by also seeking to have the United States and the State of Maryland also placed into an involuntary chapter 7 case.

attachments to the Purported Petition, insisting on their unfounded and invalid interpretation of law in insisting this Court accept the Purported Petition for filing. This ongoing, voluntary disregard for valid court orders and continued insistence that their unfounded interpretation of the "law" is correct cannot, and will not, be tolerated by this Court.

The Notice Letter submitted with the Purported Petition and all attachments have been docketed herein as ECF No. 1 initiating this this Miscellaneous Proceeding. The Court interprets that pleading as an attempt to require the Court to accept for filing the attached Purported Petition, though the Notice Letter is unsigned by any party, including the Petitioning Creditors. There are at least three, if not four, distinct legal bases upon which to deny the motion to docket the Purported Petition. Those same reasons provide an independent basis to immediately dismiss the Purported Petition even if it were docketed and assigned a bankruptcy case number.

First, an involuntary petition may not be filed against a governmental unit, as that term is defined by § 101(27). As the Maryland Order established, under § 303(a) "[a]n involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person . . . that may be a debtor under the chapter under which such case is commenced." While "person" includes "individual, partnership, and corporation, [it] does not include governmental unit. . . ." 11 U.S.C. § 101(41). The United States of America, State of Maryland, and St. Mary's County, Maryland are each governmental units and not "persons" under the Bankruptcy Code and cannot be subject to an involuntary bankruptcy proceeding.

Second, because the Alleged Debtors are not a "person," they are ineligible to be debtors under chapter 7 – voluntarily or involuntarily. 11 U.S.C. § 109(b) (limiting chapter 7 relief to a "person"). As the Maryland Order stated, the exclusive remedy for *some* governmental units (specifically municipalities) is chapter 9. 11 U.S.C. § 109(c)(1).

Third, despite the Maryland Order establishing that adding handwritten language above the signature lines of an involuntary petition is an impermissible modification to the official form, the Purported Petition herein contains the exact same modifications as the Maryland Proceeding. Fed.

R. Bankr. P. 9009(a). The modification to the signature line was the basis of the rejection of the Purported Petition by the Clerk's Office. As set forth above, the rejection resulted in nothing more than a page of indecipherable, inaccurate "legal" argument attempting to justify or otherwise contradict the express, written decision of the Maryland Order as to modification of the official form.

Finally, once again, the Petitioning Creditors appear to be non-individuals (and in many indecipherable ways seek to make the argument that they are not individuals) who, under the rules of this Court (just as in Maryland), cannot appear or file pleadings without counsel, including the filing of any "motion" (or the Notice Letter). LBR 9011-2.

Each of these bases is sufficient to deny any relief requested by the Notice Letter, deny the filing of the Purported Petition and/or to dismiss the Purported Petition. Further, the blatant disregard for the final order in the Maryland Proceeding and the continued, insistent, and indecipherable communications to the Court accompanying the Purported Petition establish more than enough cause to deny the docketing with prejudice and to authorize the Clerk of Court to reject any future involuntarily petition(s) submitted to the Court by the Petitioning Creditors (in whatever characterization or title they seek to give themselves) against any governmental unit (including, but not limited to the United States, the State of Maryland or any other state, and any county).

Therefore, it is hereby **ORDERED**, **ADJUGED**, and **DECREED** that:

1)      Any relief requested by the Notice Letter, including the request to docket the Purported Petition are **DENIED, with prejudice**. The Purported Petition is rejected for filing. The Clerk of Court is **hereby authorized** to **reject** any future involuntarily petitions submitted to the Court by the Petitioning Creditors (in whatever characterization or title they seek to give themselves) against any governmental unit (including, but not limited to the United States, the State of Maryland or any other state, and any county).

2) The Clerk of Court shall provide a copy of this Order to the Clerks of Court for the United States Bankruptcy Court for the District of Maryland, the United States Bankruptcy Court for the Eastern District of Virginia, and the United States Bankruptcy Court for the Western District of Virginia.

3) The Petitioning Creditors are hereby put on notice that any attempted future submission to this Court ignoring the Maryland Order or this Order may result in sanctions under Federal Rule of Bankruptcy Procedure 9011.

4) This Miscellaneous Proceeding shall be closed upon this Order becoming a final, non-appealable order.

[Signed and dated above.]

Copies to: recipients of electronic notice.